UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICARDO ESQUIVEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-316 |
| | § | |
| DENTIST JANE DOE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Ricardo Esquivel (TDCJ #1418390), a state inmate, brings this civil rights lawsuit against Jane Doe, a dentist at the Darrington Unit; an unnamed UTMB physician or dentist; David Blackwell, Assistant Warden at the Darrington Unit; Robert Kane, Patient Liaison, Office of Professional Standards, Huntsville, Texas.; and "others with personal involvement." Plaintiff alleges that defendants unnecessarily delayed surgery for his broken jaw, which has caused him unrelenting pain and disfigurement. Plaintiff seeks compensatory damages and declaratory and injunctive relief.

Defendants Blackwell and Kane jointly filed a motion to dismiss. For the reasons discussed below, the motion will be denied.

### I.    BACKGROUND

On October 8, 2010, Esquivel broke his jaw during an altercation with another inmate at the Darrington Unit. A dentist at that unit examined Esquivel

and prescribed Tylenol #3.  A follow-up dental appointment was scheduled at the University of Texas Medical Branch at Galveston (UTMB), though it is unclear whether Esquivel made that appointment.  He was later transferred to the Walls Unit in Huntsville and then to the Bill Clements Unit in Amarillo.  On or about December 22, 2010, Esquivel was transported to UTMB, where he underwent surgery on his broken jaw.

Esquivel alleges that he was in constant pain prior to the surgery, and that the pain was compounded by the unit transfers.  He also alleges that despite his medical condition, he was never given the liquid or blended diet that he was prescribed.  Esquivel claims that defendant Blackwell was aware that his jaw was broken because Blackwell signed his grievances.  Blackwell then allegedly arranged for the transfer to other units, which allegedly delayed the surgery at UTMB and caused Esquival to suffer additional pain and disfigurement.

With respect to defendant Kane, the complaint contends that he was, or should have been aware of, plaintiff's serious medical condition because a patient liaison is responsible for investigating Step Two grievances.  Esquivel alleges that Kane discussed his grievance with Blackwell at the Classification Committee Hearing, yet did nothing to facilitate the timely treatment of his broken jaw.

## II.     ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  FED.R.CIV.P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts' as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  But a plaintiff's "obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level."  *Bell v. Atlantic Corp. V. Twombly*, 550 U.S. 544, 545 (2007).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  But even a *pro se* complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court need not accept a legal conclusion couched as a factual allegation, or "naked assertions" of unlawful misconduct

devoid of further factual enhancement.  *Id.*

To be liable under section 1983, an official must either be personally involved in the act causing the alleged constitutional deprivation, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.*

To prevail on an Eighth Amendment claim for deprivation of medical care, a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Whether the plaintiff received the treatment he felt he should have is not the issue.  Unsuccessful medical treatment does not give rise to a section 1983 cause of action, nor does negligence, neglect or medical malpractice.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff's allegations that defendants Kane and Blackwell were deliberately indifferent to his serious medical needs are sufficient to state a claim upon which relief can be granted. His allegations that they were aware that he was suffering from a broken jaw yet declined to take the steps necessary to insure that he remain accessible to timely medical treatment, if proven, may constitute deliberate indifference to the plaintiff's serious medical needs.

Plaintiff's claims against defendants Kane and Blackwell thus survive the pleading stage and will require further factual development, which will permit the Court to consider plaintiff's medical and grievance records.

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss of defendants Kane and Blackwell (Docket Entry No. 7) is **DENIED.** Esquivel's Motion to Strike the Rule 12 Motion (Docket Entry No. 10) is **DENIED** as moot given the Court's ruling.

It is so ORDERED.

SIGNED this 19th day of August, 2013.

_____
Gregg Costa
United States District Judge