UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICARDO ESQUIVEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-316 |
| | § | |
| DENTIST JANE DOE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

This civil rights case was dismissed without prejudice for plaintiff's failure to respond to the Court's order directing that he file a response to any dispositive motion. Plaintiff filed a motion for relief from the dismissal, which was granted, and was given until May 5, 2014, to file a response to the motion for summary judgment. He has failed to do so. After reviewing the defendants' summary motion (DE 21), the motion is granted and this case is **DISMISSED** for failure to exhaust administrative grievances.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an

action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a plaintiff fails to file a response to a summary judgment motion, the court may accept the movants' evidence as undisputed, *Eversley v. MBank*, 843 F.2d 172, 174 (5th Cir. 1988), and determine whether they have made a *prima facie* showing of their entitlement to summary judgment based upon that disputed evidence. *Vega v. Parsley*, 700 F.Supp 879, 881 (W.D. Tex. 1988).

Under the Prison Litigation Reform Act of 1996 (PLRA), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that §1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Consistent with Supreme Court precedent, the Fifth Circuit has also held that a prisoner must exhaust his administrative remedies by complying with applicable grievance

procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal, two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure which, at Step One, entails submitting an administrative grievance at the institutional level, followed by a Step Two appeal if the result is unfavorable). A Step One grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. If an inmate receives an unfavorable response to his Step One grievance, he then has ten days to appeal by filing a Step Two grievance. *Id.* Step Two grievances are reviewed at the state level. *Id.* A Texas prisoner must pursue both steps to satisfy the exhaustion requirement. *Id.*

In this case, plaintiff filed a Step One grievance complaining about his jaw and requesting post-surgery dental care. (DE 12, Exh. A). He did not file a Step Two grievance and did not name either Defendant Kane or Defendant Blackwell in any grievance. As such, plaintiff failed to properly exhaust the administrative grievance process and is precluded from doing so in the future because the institutional limitation period has expired. Accordingly, this case must be dismissed for failure to exhaust administrative remedies.

For the foregoing reasons, this case is **DISMISSED** with prejudice for

failure to exhaust administrative remedies.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Ms. Betty Parker.**

All pending motions, if any, are **DENIED.**

It is so **ORDERED**.

SIGNED this 8th day of May, 2014.

_____
Gregg Costa
United States District Judge