United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RICARDO ESQUIVEL, § § § Plaintiff, § VS. § CIVIL ACTION NO. 3:12-CV-316 § DENTIST JANE DOE, *et al*, § § Defendants. § § | |

## ORDER

On May 8, 2014, the Court granted the defendants' motion for summary judgment in this prisoner civil rights case on the basis that the plaintiff, Ricardo Esquivel, had failed to exhaust his administrative remedies before filing suit (Dkt. 26). When the Court entered its order, it had not received a response to the defendants' motion from Esquivel (Dkt. 26 at p. 1). The Court later received Esquivel's response (Dkt. 28). Esquivel filed a motion for reconsideration (Dkt. 29), claiming that he had deposited his response into the prison mailing system on his filing deadline, which would have made his response timely under the prison mailbox rule. *See Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013). The Court denied the motion because Esquivel had not presented competent evidence to support his claim of timely filing (Dkt. 33).

Soon after that denial, Esquivel filed another motion to reopen his case, this time under Federal Rule of Civil Procedure 60(b)(6), that does appear to be supported by competent evidence that he timely filed his summary judgment response (Dkt. 34 and Dkt. 36). Esquivel also claims that he did in fact exhaust his administrative remedies. The

Court will again deny Esquivel's request to reopen his case. The Court has considered Esquivel's summary judgment evidence, which essentially consists of his own affidavit summarizing his medical records. The medical records are not attached. Esquivel's summary of his records neither negates the qualified immunity defense nor raises a genuine issue of material fact on the element of deliberate indifference to Esquivel's medical needs.

Esquivel sued the defendants under 42 U.S.C. § 1983, alleging that they delayed treatment for a broken jaw that he suffered in a fight with another inmate (Dkt. 1 at p. 4). Esquivel further complains that he did not initially receive his prescribed pain medication because of a bureaucratic mistake and that the doctors who operated on his jaw improperly manipulated his jaw with arch bars instead of rebreaking and resetting it (Dkt. 28 at pp. 6–7). The fight happened on October 8, 2010; Esquivel underwent surgery to fix his jaw at the University of Texas Medical Branch ("UTMB") in Galveston two and a half months later, on December 22, 2010 (Dkt. 21-1 at p. 6; Dkt. 28 at p. 5). In the interim, Esquivel had his jaw x-rayed; had multiple medical consultations; was prescribed pain medication; was placed on a blended diet; and was treated for ten days in the prison infirmary (Dkt. 28 at pp. 5–7). On January 11, 2011, Esquivel was told at a dental clinic visit that his jaw was healing normally (Dkt. 21-1 at p. 6).

The delay of medical care can constitute an Eighth Amendment violation, but only if there has been deliberate indifference to the prisoner's medical needs that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The deliberate-indifference standard is an "extremely high standard to meet"—*Domino v. Texas Dep't of*

*Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Even gross negligence does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). Rather, the prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotation marks omitted).

Esquivel received attentive care during the delay of which he complains and has not presented any evidence that the defendants were deliberately indifferent to his injuries. At most, he has pointed to negligent oversights and voiced disagreement with the nature of the procedure he underwent at UTMB. The Court also sees no evidence that the complained-of actions caused substantial harm or exacerbated Esquivel's injuries. Esquivel's Rule 60(b) motion (Dkt. 36) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___September 29___, 2016.

                                                GEORGE C. HANKS, JR.
                                                UNITED STATES DISTRICT JUDGE