United States District Court
Southern District of Texas
**ENTERED**
June 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICARDO ESQUIVEL, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-316 |
| | § | |
| DENTIST JANE DOE, *et al*, | § | |
| | § | |
| Defendants. | § § | |

## **ORDER**

On May 8, 2014, the Court granted the defendants' motion for summary judgment in this prisoner civil rights case on the basis that the plaintiff, Ricardo Esquivel, had failed to exhaust his administrative remedies before filing suit (Dkt. 26). When the Court entered its order, it had not received a response to the defendants' motion from Esquivel (Dkt. 26 at p. 1). The Court later received Esquivel's response (Dkt. 28). Esquivel filed a motion for reconsideration (Dkt. 29), claiming that he had deposited his response into the prison mailing system on his filing deadline, which would have made his response timely under the prison mailbox rule. *See Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013). The Court denied the motion because Esquivel had not presented competent evidence to support his claim of timely filing (Dkt. 33).

Soon after that denial, Esquivel filed another motion to reopen his case, this time under Federal Rule of Civil Procedure 60(b)(6), that did appear to be supported by competent evidence that he timely filed his summary judgment response (Dkt. 34 and Dkt. 36). Esquivel also claimed that he did in fact exhaust his administrative remedies. In

light of Esquivel's new evidence regarding when he filed his summary judgment response and whether he exhausted his administrative remedies, the Court examined the summary judgment evidence that Esquivel originally submitted on his Eighth Amendment claims (Dkt. 39). That evidence failed to establish that there was a genuine issue of material fact as to whether the defendants showed deliberate indifference to Esquivel's medical needs that resulted in substantial harm, so Esquivel's Eighth Amendment claims failed as a matter of law. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The Court denied Esquivel's motion (Dkt. 39).

Esquivel has now filed yet another motion for reconsideration (Dkt. 40). That motion does not present any new arguments or evidence, and it is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on June 6, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE